THE STATE, BENJAMIN EVANS, PROSECUTOR, v. THE BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY.

1. The act of 1888 (*Pamph. L.*, *p.* 135), respecting the removal of honorably discharged soldiers from offices and positions, does not prevent the *bona fide* abolition of an office or position held by such incumbent.

2. A person appointed by the board of freeholders of Hudson as machinist and relieving engineer, at the sum of $3.50 per day, whose services were gas and steam-fitting and relieving the regular engineers at the county building, and who worked wherever sent by the superintendent, and who was paid for his time of actual service, is not within the terms of the act.

This writ brings up a resolution of the board of chosen freeholders of Hudson county dismissing the prosecutor from the employ of the board.

Argued at February Term, 1891, before Justices KNAPP and REED.

For the plaintiff in *certiorari, John W. Bissell.*

For the defendant, *John A. McGrath.*

The opinion of the court was delivered by

REED, J.   The board of chosen freeholders of Hudson county, on July 10th, 1888, by a resolution, appointed Benjamin Evans to the position of machinist and relieving engineer at the county institution, at the rate of $3.50 per day, for one year or until his successor should be duly appointed.

The board, on January 30th, 1890, passed another resolution to the purport, among other things, that the position of machinist at Snake Hill, held by Benjamin Evans, be abolished and the said Evans be dismissed from the employ and pay of the board.

The prosecutor is an honorably discharged soldier of the Union army.   He was dismissed without a hearing.

He claims that his dismissal contravened the provisions of an act in regard to honorably discharged Union soldiers. *Pamph. L.* 1888, *p.* 135.

That act provides that no person holding a position in any city or county in this state, whose term of office is not now fixed by law, and receiving a salary from such city, county or state, who is an honorably discharged soldier or sailor, having served in the war of the Rebellion, shall be removed from such position except for good cause shown after a hearing; but such person shall hold his position during good behavior and shall not be removed for political reasons.

I think the board possessed the power to abolish the position or office which it had created, assuming that the position

was one within the meaning of the act.   Aside from the provisions of the above act, there exists no reason to doubt the ability of the board to do so.   *Adams* v. *Haines,* 19 *Vroom* 25;  *Greene* v. *Freeholders of Hudson,* 15 *Id.* 388.

Nor, in my judgment, is this power abated by reason of the terms of the act.

The statute was not designed for the purpose of perpetuating the existence of offices.

Whenever, for economical reasons, or any other reasons arising from governmental policy, it may be thought wise to extinguish the office or position, the power which created can annul it.   It is a matter of course that the exertion of the power to disestablish must be *bona fide,* for it is manifest that if it should appear that a formal act, purporting to abolish such an office or position, is only a device for the purpose of removing an officer or employe, while the office or position practically still remains in existence, that such a subterfuge would be of no avail.

In the present case nothing in the testimony impeaches the object of the board in passing the last resolution.

The evidence taken in the case is meagre.   No subsequent appointment of any person to the same place appears to have been made.   The work which Evans did has been distributed among different persons.   Whether these persons were already in the service of the board does not appear.

I can gather nothing tangible from the testimony which displays any other object to be attained by the board than an actual abolition of the position in question.

But I am of the opinion that Evans did not hold an office or position which was protected by the statute.  I think that his services lacked that fixed and continuous quality which the act contemplates.   He seems to have had no right to employment excepting as he was needed by the superintendent.

The latter person says in his testimony that Evans was employed sometimes at one institution and sometimes at another, and sometimes in the county jail, and wherever I sent him, and he was paid by the day for actual service at the

end of the month. It otherwise appears that the work of Evans consisted in fixing steam and gas pipes and in relieving the different engineers when they had their day off.

His services seem more nearly to resemble those of the workman in the case of *McLaghlin* v. *Jersey City*, than the duties of the bridge-tender in *Lewis* v. *The Same*, both of which cases are reported in 22 *Vroom* 240.

The writ is dismissed, with costs.