GEORGE F. SUTHERLAND v. THE BOARD OF STREET AND WATER COMMISSIONERS OF JERSEY CITY.

The abolition of a municipal office or position, held by an honorably discharged Union soldier, for the purpose of economy or of promoting the efficiency of the public service, is not rendered unlawful by the Veteran act of March 31st, 1897.   *Pamph.* L., p. 142.

On rule for *mandamus.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the relator, *William T. Hoffman.*

For the defendant, *Willard C. Fisk.*

The opinion of the court was delivered by

DIXON, J.   Prior to May 12th, 1897, the relator was assistant assessment clerk in the office of the board of street and water commissioners of Jersey City.   His position was under the control of that board, and on the day named the board passed the following resolution :

"Resolved, that for the purpose of economizing in the salary list in the bureau of engineering and survey, the position designated and known as assistant assessment clerk be and is hereby permanently abolished, and the duties thereof transferred to and required to be performed by the assessment clerk; further resolved, that the services of G. Frank Sutherland as such assistant assessment clerk be and are hereby dispensed with and terminated."

The relator now asks for a *mandamus,* directing the board to rescind that resolution, because he is an honorably discharged Union soldier, and the act of March 31st, 1897 (*Pamph. L., p.* 142), forbids the abolition of an office held by such a person "for the purpose of effecting his dismissal," and entitles him to a remedy by *mandamus* for righting the wrong.

But it is settled that statutes of this nature are not designed to prevent the abolition of an office and the transfer of its duties to another official, when such a course is taken *bona fide* for economical reasons or for the promotion of greater efficiency in the public service. *Evans* v. *Freeholders of Hudson,* 24 *Vroom* 585; *Newark* v. *Lyon, Id.* 632; *Boylan* v. *Newark,* 29 *Id.* 133.

According to its terms the resolution now before us was taken "for the purpose of economizing," and the evidence does not lead us to the conclusion that the board was actuated by an ulterior motive such as this statute condemns.

The rule to show cause should be discharged.