CHARLES McBRIDE, PROSECUTOR, v. THE MAYOR AND
COMMON COUNCIL OF THE CITY OF BAYONNE.

Submitted December 11, 1906—Decided February 25, 1907.

The common council of Bayonne passed an ordinance repealing certain
other ordinances which created the offices of captains, roundsmen
and detectives in the city police force. The prosecutor, who had
been appointed a captain, was, by the repealing ordinance, re-
turned to his former position of patrolman. The testimony fails
to show any purpose in abolishing the office of captain other than
to increase the efficiency of the police force. The ordinance was
a valid exercise of the power vested in the common council.

This writ brings up an ordinance passed by the common
council of the city of Bayonne which, among other things,
abolished the office of captain of police, held by Charles
McBride, the prosecutor.

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Joseph M. Noonan.*

For the defendants, *Elmer W. Demarest.*

The opinion of the court was delivered by

REED, J. It appears that an ordinance to establish a day
and night police for Bayonne was passed in 1869. By this
ordinance the force consisted of a chief of police and at least
one policeman from each ward. A supplement to this ordi-
nance, passed in 1900, provided for a captain of police, at a
salary of $1,500. Another supplement passed April 6th, 1897,
provided for a detective. Another supplement passed May
28th, 1897, provided for two additional roundsmen, and still
another supplement passed February 19th, 1902, provided for
a second captain of police.

The result of these ordinances was that in 1906, the force
consisted of one chief, two captains, six sergeants, four

roundsmen, four detectives, three van drivers, one court officer and thirty patrolmen.

Upon the recommendation of the mayor, who suggested that the force was inefficient, and also that it was top-heavy, a committee of common council examined into the condition of the department and made a report that there was no necessity for so many superior officers, and that they had been appointed for political purposes. Upon this recommendation of the committee, the ordinance now attacked was introduced and passed.

The ordinance attacked repeals the following ordinances: That creating a police captain; that creating an additional police captain; that creating an additional detective; that creating two additional roundsmen and that creating still another detective.

The repealing ordinance is attacked as one not passed in good faith for the abolition of these offices, but passed as a mere subterfuge to eject those filling the offices from their position, and so in violation of the Tenure of Office statute.

My examination of the testimony has led me to the conclusion that the repealing ordinance was a wise act on the part of common council. The provisions for the successive creation of offices had, as the mayor stated, made the police force top-heavy. The patrol duty was imperfectly performed, because there was an entire disproportion between the number of patrolmen and number of other members of the force. The abolition of these offices seems to have been a *bona fide* effort to enhance the efficiency of the force, and was therefore within the power of the common council. *Evans* v. *Freeholders of Hudson,* 24 *Vroom* 585; *Boylen* v. *Newark,* 29 *Id.* 133.