FREDERICK H. KRISER ET AL., PETITIONERS-RESPONDENTS, v. BOARD OF EDUCATION OF THE CITY OF TRENTON, RESPONDENT-PROSECUTOR.

Submitted October 4, 1938—Decided April 10, 1939.

Before Justices Case, Donges and Porter.

For the prosecutor, *Henry M. Hartmann.*

For the respondents, *Frank I. Casey* and *Louis Josephson.*

*Amicus curiæ, Firmin Michel.*

Per Curiam.

Respondent Kriser was employed by the Board of Education of the city of Trenton as a janitor in the public schools by contract, dated March 6th, 1924, for a period of one year

from February 11th, 1924, at a salary of $1,200 per year. He has been continuously engaged as a janitor in the public schools since said date, February 11th, 1924, and has never been subject to any charges. For the school year 1929-1930 his salary was fixed at $1,680 per year. From 1933-1934 to 1936-1937 school years his salary was fixed at $1,344 per year and paid and accepted at that figure. Kriser asserts that by a resolution of the Board of Education, adopted April 1st, 1937, his salary was fixed at $1,428 for the school year July 1st, 1937, to July 1st, 1938, and that, under the law, he is entitled to a salary of $1,680. He appealed to the Commissioner of Education of the state to have the school board directed to pay him his salary at the claimed rate, and the commissioner ordered the school board to pay at the rate of $1,680 for the school year 1937-1938. The State Board of Education affirmed that order. This writ is to review such determination in the case of Kriser and a group of janitors, whose appeal was joined with that of Kriser, inasmuch as the order of the Commissioner of Education required the board of education to pay them the full amounts severally claimed by them.

It appears without question that Kriser became subject to the provisions of the act of 1911, known as the Janitors' Tenure act, *Pamph. L.* 1911, *p.* 67 (now *R. S.* 18:5-67). This act provides, in part:

"No public school janitor in any municipality or school district shall be discharged, dismissed or suspended, nor shall his pay or compensation be decreased except upon sworn complaint for cause and upon a hearing had before such board."

The essential facts in this case are conceded in the answer to Kriser's petition of appeal as follows: that Kriser was under tenure; that his contractual salary was $1,680 per year; that for the school years 1933-1937 his salary was fixed at $1,344, as authorized by chapter 12, *Pamph. L.* 1933, and the several amendments thereof; that no complaints have been preferred against him.

The commissioner concluded that, in the situation presented, Kriser was entitled to his salary at $1,680 per year, and ordered its payment. With this finding we agree.

A different situation is presented as to the other respondents. It is admitted that the respondents are all janitors of the schools of Trenton, and as such served a period of employment prior to the appeal and continued to be such employes; that no complaints have been preferred against respondents; that their salaries were reduced for the school years 1933-1937; but it is denied that respondents are entitled to the salaries as claimed in paragraph 6 of their petition of appeal. Further, some of the respondents signed and filed a notice of protest to the receipt of less than their full contractual salaries when they received their first semi-monthly payment on July 15th, 1937. Respondents Walter Clendenning, Francis Markgraf, Henrietta Sampson, Elsie Seig, Mary Hogan, Patrick Meehan and Rena Pizzulo do not appear to have entered any protest, but accepted the proffered payment.

The commissioner concluded that respondents were entitled to their contractual salaries under the terms of the act of 1911, and with this conclusion we agree, except as to those respondents who did not sign the notice of protest. As to them a question of fact is presented and not met. Nor are we able to find from the record that the respondents are entitled to the salaries claimed in the petition of appeal, inasmuch as there is a denial of such claim and the record is barren of proof thereof. The order of the commissioner is for the payment of full contractual salaries, without fixing the amount thereof. To the extent, as to the respondents who duly protested, that the order requires payment of contractual salaries, the order is affirmed; as to the other respondents it is reversed. No costs.