ANGELINA KOCH DOWNS, MADELINE KOVALEWSKI BOI-
TANO, MARTHA PAWLIK BRUHL, HELEN SOUTHARD
CROSS, ETHEL SWEATMAN DODSON, MARGARET
FITZGIBBONS FLANNERY, HAZEL GALLAGHER, MAR-
GARET M. JOHNSTON, MAUD GIUSTO LELAND, LOT-
TIE SCHLANK, FRIEDA SEYD, ETHEL BERKOWITZ
SHAPIRO, CAMILLE TURPIN, BEATRICE ALLEN WOL-
VEN AND MILDRED WINTERMUTE, PROSECUTRICES,
v. BOARD OF EDUCATION OF THE DISTRICT OF
HOBOKEN AND THE STATE BOARD OF EDUCATION,
DEFENDANTS.

Submitted May 7, 1940—Decided November 14, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutrices, *Arthur T. Vanderbilt* (*Frederick W. Hall,* of counsel).

For the Board of Education of the District of Hoboken, *William J. Hanley* (*John J. Fallon,* of counsel).

The opinion of the court was delivered by

HEHER, J. The determinative question is whether prose-
cutrices, all of whom were elementary teachers, vested with
the statutory tenure, in the school system of the District of

Hoboken until June 30th, 1932, when they were "dismissed" by the local board of education "for reasons of economy and diminution in the number of pupils," are now entitled, in order of seniority, to teaching positions which have since been vacated. We resolve it in the negative.

Conceding that it is not retroactive, prosecutrices do not invoke chapter 126 of the laws of 1935 (*Pamph. L., p.* 331; *R. S.* 1937, 18:13-19), providing that, in the event of a reduction of the teaching staff "due to a natural diminution of the number of pupils in the district," the teacher so dismissed "shall be and remain upon a preferred eligible list in the order of years of service for re-employment," in that order, "whenever" a vacancy shall occur in "a position for which such * * * teacher shall be qualified," with "full recognition" for "previous years of service." Rather, they rely upon the statement contained in the opinion of this court on a prior adjudication of a kindred issue that, "While in the interest of economy reduction in the number (of teachers) may be made, those having tenure should have a preference in reappointment where vacancies occur." *Downs* v. *Hoboken,* 13 *N. J. Mis. R.* 853. But that observation must needs be viewed in the light of the question before the court for determination—*i. e.,* the right of the dismissed teachers to places held by "special substitute teachers" not under tenure, originally employed prior to the dismissal of prosecutrices "in the guise of economy in the place of teachers having tenure," and retained under the new title following the judgment in *Downs* v. *Board of Education of Hoboken,* 12 *Id.* 345; *affirmed,* 113 *N. J. L.* 401, directing the reinstatement of seven teachers dismissed with prosecutrices for the reason that the district board of education had continued that number of nontenure teachers in its employ, whose "continuous employment" in the face of that adjudication was characterized by this court (in the opinion first cited) as "the merest subterfuge to defeat the legislative purpose" and the judgment itself. The subjectmatter of the second determination did not therefore involve subsequently occurring vacancies. In arguing to the contrary, prosecutrices plainly misconceive the situation.

Moreover, the right now asserted by prosecutrices must be found in the statute, or it does not exist; and we are not cited to any enactment prior to the act of 1935, *supra,* which bestows the right. The rationale of the prior holdings, following *Seidel* v. *Board of Education of Ventnor City,* 110 *N. J. L.* 31, was that the tenure rights conferred by the school law (*Comp. Stat.* 1910, *p.* 4763; *R. S.* 1937, 18:13-16, *et seq.*) would be "little more than a gesture," if the local board of education were empowered, in the reduction of the teaching staff for reasons of economy, to select "for discharge teachers exempt by law therefrom," and retain "the non-exempt;" and that, "If such reduction is to be made at all, and a place remains which the exempt teacher is qualified to fill, such teacher is entitled to that place as against the retention of a teacher not protected by the statute." Whether a teacher so dismissed shall have such preferment as respects an after-occurring vacancy, and, if so, the conditions upon which the right is exercisable, *e. g.,* whether it shall subsist indefinitely or for a limited period, the qualifications of the teacher asserting the right as regards the standards then obtaining, and so on, are legislative and not judicial questions: and here the legislature did not exercise its authority in the premises until the adoption of the act of 1935, *supra,* and then gave it a prospective view only. This enactment evidences the legislature's comprehension of the sense of the pre-existing law—*i. e.,* that such preference was not implicit in the prior statutes. As stated, the comment adduced from the opinion in the case of *Downs* v. *Hoboken,* 13 *N. J. Mis. R.* 853, was plainly not a contrary exegesis of the existing statute, so as to warrant the conclusion of legislative acquiescence therein from the nonexercise of the amendatory power.

Writ dismissed, without costs.