BOARD OF EDUCATION OF THE CITY OF TRENTON, PROSECUTOR, v. THE STATE BOARD OF EDUCATION, ADDIE L. WEBER, W. L. LARRABEE, AUSTIN S. LA VIGNE, A. G. SEXTON, BERNARD FORER, OTTO E. FISCHER, MARY CAVER, LOIS ST. JOHN SMITH, LESTER MINKEL, RHODA R. MORRIS, JOHN H. TREGURTHA, MABEL WISHART, MABEL WHITTE, RESPONDENTS.

Argued January 22, 1941—Decided February 7, 1941.

Before Justices BODINE and PORTER.

For the prosecutor, *Henry M. Hartmann.*

For the respondents, *Jerome C. Eisenberg.*

BODINE, J. The Board of Education of the city of Trenton seeks to have set aside a decision of the State Board of Education in favor of certain tenure teachers in the Trenton school system, who refused to accept increments for the school years 1938-1939 and 1939-1940, in lieu of complete restora-

tion of contractual salaries, for the school years 1937-1938 and 1938-1939.

The Board of Education, pursuant to legislative authority, had reduced teachers' salaries until June 30th, 1937. As to teachers having tenure the subsequent reduction was illegal. At the meeting of September 14th, 1939, the schedule in effect for 1938-1939 was restored as to those who had elected to receive the increments therein provided, less than the amount scheduled for the years 1937-1939. In short, the Board of Education was in the position of saying to those having tenure: If you don't take less than we withheld from you, you won't get the increments we are going to give those who waive their rights. A sliced cake, the board seemed to think was better than none. Undoubtedly, many teachers thought so or preferred to be generous with the municipality where they lived and which had suffered much by the depression.

The text of the resolution of September 14th, 1939, is as follows: "Whereas, over ninety per cent. of the teachers and other employes of the Board elected to accept, for the year 1938-1939, ten per cent. restoration of their salaries plus one year's increment, and waived all right to any claim for back salary for the year 1937-1938, as well as five per cent. for the year 1938-1939, as a result of which the taxpayers of the City of Trenton saved over $250,000; and Whereas, a certain number of teachers and other employes refused to so do, and received a full restoration for the year 1938-1939, without waiver of any claim for back salary for the year 1937-1938; and Whereas, it is the purpose of the Board to equalize the contractual salaries of the teachers and other employes so that no particular group may obtain any advantage over any other group. Now, therefore, be it resolved, that the salary schedules for teachers and other employes of the Board in effect for 1938-1939 be and they are hereby established as the schedules for salaries of teachers and other employes for the year 1939-40, provided, however, that only those teachers and other employes are eligible for increments who have elected or shall elect to receive increments for the school year 1938-1939 and 1939-1940 in lieu of complete restoration of contractual salaries for the school year 1937-1938 and 1938-1939."

The pertinent regulations of the salary schedule are as follows: "Regulation 43. No teacher shall be placed on the salary schedule except by order of the Board of Education, upon recommendation of the Superintendent of Schools. Regulation 44. No increase in salary shall be granted to any teacher except by order of the Board of Education, upon recommendation of the Superintendent of Schools. Regulation 45. Yearly increments provided for in the above schedule shall be granted in September or February and shall be given without reference to special increments in salary for advanced courses of study. Regulation 46. Teachers entering the system for the first time after the adoption of the above schedule shall be placed on schedule according to the following plan; those entering the system during the months of September, October, and November shall receive their annual increases in September; those entering the system during the months of December, January, February and March shall receive their annual increases in February; those entering the system after March 31st will not be placed on schedule until the following September and salary increases dated accordingly." Apparently an increase in salary was one thing and a yearly increment was another; the first granted by special order of the Board of Education; the other automatically under the schedule.

We think the decision of the State Board of Education was proper. The matter was heard by less than the whole board, pursuant to by-laws framed for its government. *N. J. S. A.* 18:2-4. Further, there was no objection to jurisdiction *in limine*. *Jersey City Welding and Machine Works* v. *Hudson County White Co.*, 116 *N. J. Eq.* 548. The decision was certified to us by the board's secretary as that of the State Board. The presumption of validity is not met by proofs, or otherwise, than by mere assertion in the argument of counsel.

As to all other teachers in the Trenton system, there was a formal waiver of right to the increments fixed in the salary schedule. The failure of the teachers involved in the present matter to waive was notice to the board of their protest against the proposed action. The situation in *Kriser* v. *Board of*

*Education,* 122 *N. J. L.* 323, was very different. In the instant case, the attempt was to coerce those who had devoted years to the city school system in order to save money as the resolution recites. The acceptance of less salary than that fixed by law under the circumstances disclosed does not create a waiver, estoppel, or an accord and satisfaction. *Vander-Burgh* v. *County of Bergen,* 120 *N. J. L.* 444.

No situation was changed by the delay of a few months in presenting the matter to the Commissioner of Education. The increments were part of the salary. The schedule was adopted pursuant to *N. J. S. A.* 18:13-5. The respondents were not subject to a reduction under *N. J. S. A.* 18:13-17. *Steck* v. *Board of Education,* 123 *N. J. L.* 158; *affirmed,* 124 *Id.* 132. In *Cole* v. *Board of Education,* 122 *Id.* 585, there seems not to have been tenure. Subsequent disadvantageous changes in the schedule cannot affect those who have acquired tenure. *Gowdy* v. *State Board of Education,* 84 *Id.* 231; *affirmed,* 85 *Id.* 726.

It may be that the attempt to force acquiescence, by giving to those who would accept the board's plan of settlement and withholding from those who would not accept, presents a federal question under the Fourteenth Amendment to the Federal Constitution, but we need not decide the point. Preferences are not to be viewed with favor. The tenure statutes were passed to prevent harsh bargaining.

The judgment of the State Board of Education will be affirmed, with costs.