The appellant appeals from a decision of the respondent Board of Education of the State of New Jersey affirming a decision of the Commissioner of Education of the State of New Jersey dismissing the petition of appeal of Stephen K. Werlock, the appellant, from the action of the respondent Board of Education of the Township of Woodbridge abolishing his position as Supervisor of Elementary Education in the Woodbridge Township school system.
The facts involved in this case are presented by stipulation; no testimony was taken, and so we will refer to the facts which are pertinent.
The Board of Education of the Township at a meeting held April 15, 1946, created the position of Supervisor of Elementary *Page 142 
Education by a resolution passed on that day, and by said resolution the appellant, who was and had been a high school teacher for twenty-two years in the Township of Woodbridge school system, was appointed to the position thus created, his then salary to continue until July 1, 1946, when it was to change to $4,500 per annum.
On May 19, 1948, the Board, by a resolution offered by the Teachers Committee, abolished said position of Supervisor of Elementary Education effective July 1, 1948.
A further and subsequent resolution was passed after being offered by the Teachers Committee at that meeting, restoring the appellant as of July 1, 1948, to his former position of high school teacher and raising the salary of that position to $3,800 per annum from the rate of $3,250 per annum which he had been receiving.
No notice of the proposed resolution to abolish the position referred to was given to the appellant by the Board, nor were charges ever preferred against him. An opportunity is given at any Board meeting for any interested citizen to be heard on any school subject, and no person applied to be heard at its May 19, 1948, meeting.
At the time of the adoption of the resolution abolishing the said position of supervisor there was a vacancy in the position of principal of the Iselin School, and on May 19, 1948, a further resolution was adopted by the School Board directing that notice be given through the principal that the position of principal of the Iselin School was vacant, and that any employees who can be certificated may forward a written application to the supervising principal. Notice was sent to the appellant on May 20, 1948, and he did not forward any application for that position. The notice stated that the starting salary for the position was $4,200. The position was not filled until June 20, 1948.
A chart or list of the Woodbridge Township school employees for the school year 1947-48, was prepared by the supervising principal for the use of the Teachers Committee of the Board of Education several days before the meeting of May 19, 1948; and on May 18, 1948, at the direction of a general *Page 143 
meeting of the Teachers Committee and the Finance Committee, the listing on said chart relating to the appellant, was changed, and new mimeographed copies of the changed chart were made. Neither the original nor the revised chart as such was ever approved or adopted by the Board of Education. There is no other stipulation giving effect to this list, and motion has been made by the respondent that it be stricken from the record, it not having received any recognition by the Board. We consider that it should be stricken from the record; it has no place in the determination of this case.
The question for determination in this case is stated by the appellant to be as follows:
"1: Is the appellant entitled to be reinstated from his position of high school teacher, to a position in the Woodbridge Township school system equal in rank and salary to that of the abolished position of Supervisor of Elementary Education;
"2: Was the abolition of the position actually based upon reasons of economy or was it merely colorably so and in fact a singling out or discrimination against the appellant?"
The respondent states the questions involved to be as follows:
"1: Was the resolution of the respondent Board of the Township abolishing the position previously held by the appellant valid;
"2: If valid, what is the effect of the resolution upon the appellant?"
The resolution abolishing the position of Supervisor of Elementary Education resolves as follows:
"Resolved, that this Board finds that the creation two years ago of the office or position of `Supervisor of Elementary Education' has not resulted in any perceptible improvement in the education furnished in the district, and continuance of such office or position does not seem to the Board to promise sufficient benefits to justify the expense thereof."
There can be no question but that the Board has the right to abolish this position without notice and without hearing; all that is necessary is that the action of the Board was *Page 144 
in good faith. There is no evidence or stipulation of fact presented by the record to indicate that there was any bad faith in the action of the Board, or that the Board was unwarranted in its conclusion that the creation of the position had not resulted in any perceptible improvement in the education furnished in the district, or that there was not sufficient benefit to justify the expense. Under the circumstances the Board was within its right in abolishing the appellant's position. Weider v. Board ofEducation of High Bridge, 112 N.J.L. 289 (Sup. Ct.). Similar action has been approved under similar tenure laws applying to other than school systems. Harker v. City of Bayonne,85 N.J.L. 176 (E. A. 1913). In fact, by the questions for determination submitted by the appellant he must be held to concede this point, if the action of the Board was in good faith. As has been stated we do not find any facts in the case to warrant a finding of bad faith on the part of the School Board.
It is contended by the appellant that as a teacher with tenure, that tenure applies to him in the position created notwithstanding he did not hold such higher grade position for three years, and that he is therefore entitled to the same kind of benefits as are afforded by R.S. 18:13-19 to teachers dismissed as the result of natural diminution in the number of pupils in the district. The answer to this contention is that the statute in question does not apply to the instant case. The position held by the appellant was not abolished as the result of natural diminution in the number of pupils in the district. On the abolition of the position of Supervisor of Elementary Education the respondent Board of Education of the Township of Woodbridge reinstated the appellant in his former position as teacher at the salary which he was receiving when he was appointed to the abolished position and provided an increase for the coming school year.
There is a further answer to the appellant's claim to preferment above his previous position as a teacher. The only vacancy was a principalship at a lower salary than the abolished position. He was given an opportunity to apply for this vacancy and did not avail himself of it. *Page 145 
If, as urged by counsel, we should apply in principle the provision in R.S. 18:13-19, which by its terms applies where the dismissal results from reduction due to a natural diminution of the number of pupils in the district, it would mean that the appellant should remain upon a preferred eligible list in the order of years of service for re-employment whenever vacancies occur and should be re-employed by the body causing dismissal in such order when and if there is a vacancy in a position for which he is qualified. If we apply this to the appellant, the first objection is that there is no eligible list and relief could not be had in this case for that reason. In the second place the appellant is not dismissed but is reinstated in his old position; and in the third place it does not appear that there is any vacancy in a position comparable to the one which was abolished, and to fill the position of principal he would first have to be qualified.
For the reasons stated the action under review is affirmed.