This is an appeal from a decision of the State Board of Education which affirmed the action of the Commissioner of Education in directing the appellant Board *Page 217 
of Education to reinstate respondent Edmund H. Viemeister as principal in the school district of Prospect Park.
The respondent was employed as principal in 1937 and thereafter duly acquired tenure within the contemplation of R.S. 18:13-16. The respondent performed no teaching duties. There were seventeen teachers employed including Miss Amelia Berdan, an eighth grade teacher under tenure, who, in addition to her teaching duties, acted as vice-principal. In May, 1948, the appellant adopted a resolution which stated that, in the interests of economy, the position of principal was abolished and the services of respondent terminated, and further resolutions which provided that the position of "teaching principal" be established and that Amelia Berdan be appointed thereto. No charges were ever made against the respondent who questioned the appellant's action and tendered his services at the opening of the school term in September, 1948. This tender was refused; the respondent appealed to the Commissioner of Education who directed his reinstatement; and, on appeal, the State Board of Education sustained the Commissioner's action.
The position of principal is recognized throughout the school laws and the regulations of the State Board of Education. SeeR.S. 18:13-114, 18:13-116, 18:14-59, 18:14-106, 18:14-107, 40:54-9; School Laws (1938) pp. 230, 231. The tenure of office provisions of the school laws expressly designate when "teachers, principals and supervising principals" shall attain tenure and be subject to dismissal only for cause after charges and hearing. R.S. 18:13-16, 17. To attain tenure a principal must be qualified to teach (R.S. 18:13-16); but, as Mr. Justice Parker held in Davis v. Overpeck (Sup. Ct. 1913), School LawDecisions (1938), p. 470 (not officially reported), having attained tenure he may not, without charges and hearing, be reduced to the rank of teacher and replaced by another as principal. The appellant suggests that the Davis case goes further and would prohibit a Board of Education from assigning, to a principal, teaching functions in addition to his duties as principal. Mr. Justice Parker's opinion does not in anywise support this contention and *Page 218 
we find nothing in our statutes or decisions which would deny to a Board of Education the right, which it ought have and presumably has, to assign, in good faith and in the interests of economy, teaching duties to a principal, not in conflict with his duties as principal.
The appellant has contended that it has, in fact, abolished the position of principal and relies upon the cases which hold generally that tenure acts "are not designed to prevent the abolition of an office and the transfer of its duties to another official." See Sutherland v. Jersey City, 61 N.J.L. 436
(Sup. Ct. 1898). In overruling this contention the Commissioner of Education expressed the view (1) that the "position of principal cannot be abolished as long as the school continues," and (2) that the "position of principal in the School District of Prospect Park was not abolished in fact." Without expressing any opinion as to his first finding, we are in complete accord with his second. As we interpret the facts stipulated by the parties, the position of principal continues, as heretofore, and its functions are assigned to Miss Berdan to be performed by her in addition to her duties as eighth grade teacher. The fact that the formal resolutions adopted by the Board speak in terms of abolition of the position of principal and creation of a new position of "teaching principal," which finds no recognition in the tenure statutes, does not appear to be significant. We look to the substance rather than the form and, in substance, the principalship was continued but transferred to Miss Berdan.
The tenure provisions in our school laws were designed to aid in the establishment of a competent and efficient school system by affording to principals and teachers a measure of security in the ranks they hold after years of service. They represent important expressions of legislative policy which should be given liberal support, consistent, however, with legitimate demands for governmental economy. See Downs v. Board of Education, Hoboken,13 N.J. Misc. 853 (Sup. Ct. 1935). It seems to us that if the appellant had assigned teaching duties to the principal and had reduced the regular teaching staff, with due regard to pertinent considerations *Page 219 
such as tenure status, seniority and competence, it would have fairly approached its desired result without impairing the purposes underlying the tenure provisions of the school laws.Cf. Seidel v. Board of Education of Ventnor City, 110 N.J.L. 31
(Sup. Ct. 1933); affirmed, 111 N.J.L. 240 (E. A.
1933). On the other hand, if the procedure it adopted were to be sustained the tenure of principals generally would rest on frail reeds; nothing would remain as a barrier to the removal of a principal, no matter how long and efficient his service, by the simple expedient of transferring his duties to a member of the teaching staff.
The decision of the State Board of Education is affirmed.