26 N.J. Super. 83 (1953)
97 A.2d 416
MARY E. LANGE, PETITIONER-APPELLANT,
v.
THE BOARD OF EDUCATION OF THE BOROUGH OF AUDUBON IN THE COUNTY OF CAMDEN AND STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1953.
Decided May 15, 1953.
*84 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Charles A. Cohen argued the cause for the petitioner-appellant (Messrs. Finnegan & Mohrfeld, attorneys).
Mr. Edward T. Curry argued the cause for the respondent.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The issue is whether the appellant had tenure entitling her to priority in the filling of a vacancy in the principalship in the Audubon School District.
The appeal is submitted on a stipulation of facts. Mary E. Lange is a teacher in the Audubon School District where she has been employed since 1912. From 1912 to 1914, she served as a teacher. In 1914 she was appointed principal of the grade schools in the district and continued in that capacity until 1927. In June of 1927 she was assigned by the board of education to the position of "Supervisor to Supervise Grade Schools," and served in that capacity until the position was abolished in June 1944 for reasons of economy and diminution in the number of pupils. Thereafter she served as a teaching principal in one of the grade *85 schools until September 18, 1944, when it was ascertained that there had been no vacancy in such position and Miss Lange was returned to a teaching position. Thereafter she has continuously performed her teaching duties.
In 1951 a vacancy arose in the position of principal, for which Miss Lange submitted her application. No applicant had tenure or seniority as a principal. The board disaffirmed Miss Lange's claim of right to the position by reason of former service as principal and appointed one George R. Oldham, a teacher, to fill the vacancy. Miss Lange appealed from this ruling of the board to the State Commissioner of Education, who decided against her. Miss Lange's appeal to the State Board of Education resulted in an affirmance of the commissioner's ruling, from which decision Miss Lange appeals to this court.
The appellant contends that under the provisions of the Teachers' Tenure Law (R.S. 18:13-16, 17, 19), she did not lose the tenure acquired by her previous service when she accepted the position of "Supervisor to Supervise Grade Schools"; that when the position was abolished in 1944, she was entitled to appointment to fill the next available principalship.
The defendant board of education contends that plaintiff lost any tenure she may have had as a principal under the Teachers Tenure Law by accepting the position of supervisor, and that neither in 1944 nor 1951, was she on a preferred eligibility list entitled to appointment as principal; and that the 1935, 1942 and 1951 amendments to the school laws (R.S. 18:13-19), granting certain extensions as to tenure, were prospective, and not retrospective, in effect.
The original Teachers Tenure Law was enacted in 1909 (L. 1909, c. 243, p. 398; now R.S. 18:13-16, 17, 19, 20). The first amendment thereto, providing for preferential treatment of teachers, principals and supervising principals by virtue of service of years in those capacities, was enacted in 1935 (L. 1935, c. 126, p. 331). It was thereafter amended by L. 1942, c. 269, p. 713 and L. 1951, c. 292, p. 1070. In construing the amendments our courts have held that the *86 Legislature did not intend that they should have a retrospective effect and that the enactments were prospectively effective only. Downs v. Board of Education of Hoboken, 126 N.J.L. 11, 13 (Sup. Ct. 1940), affirmed in Schlank v. Board of Education of Hoboken, on the opinion of Mr. Justice Heher in the Supreme Court, 127 N.J.L. 602 (E. & A. 1942); Werlock v. Woodbridge, 1939-1949 Comp. School Law Decisions, p. 107 (1948), affirmed by the State Board of Education and by the Superior Court on other grounds, 5 N.J. Super. 140 (App. Div. 1949).
The position of "Supervisor to Supervise Grade Schools" is not recognized by the school laws of this State as extending to the holder thereof tenure other than as a teacher. In the case of Werlock, supra, the Commissioner of Education in a similar situation held that the position of "Supervisor of Elementary Education," not being mentioned specifically in the tenure statute, did not give to the holder of that position tenure of supervising principal or principal, but that the tenure protection enjoyed by the petitioner was only that of a "teacher," and that petitioner was not entitled to any seniority rights to appointment to a principalship when her tenure protection was only that of a "teacher." Cf. Wythes v. Camden, 1939-1949 School Law Decisions, p. 131; Davis v. Board of Education of the Township of Overpeck, 1938 Comp. School Law Decisions, p. 464 (1913); MacNeal v. Board of Education of Ocean City, 1938 Comp. School Law Decisions, p. 374 (1926); affd. by the State Board of Education, 1938 Comp. School Law Decisions, p. 377, and affd. by the Supreme Court in 1928, without written opinion.
The record is barren of any protest or expression of dissatisfaction by plaintiff respecting her change of status from principal to supervisor. Nor does it appear that any proceeding was initiated by her to test the local board's action or that the appellant at any time protested or took any action indicating dissatisfaction with the action of the local board voiding the principalship held by her for a brief period of time in 1944. We think, therefore, it is a reasonable inference *87 that she surrendered her principalship in 1927 voluntarily. The appellant concedes that one may voluntarily relinquish a position, citing Kelly v. Lawnside, 1938 Comp. School Law Decisions, p. 320, but asserts that tenure rights may not be waived while keeping the position. Cf. Vander Burgh v. County of Bergen, 120 N.J.L. 444, 453 (E. & A. 1938); Kriser v. Board of Education of Trenton, 122 N.J.L. 323 (Sup. Ct. 1939); Board of Education of Trenton v. State Board Education, 125 N.J.L. 611 (Sup. Ct. 1941).
This appeal might well be disposed of on the ground of laches. Notwithstanding the fact that by accepting the position of supervisor, she surrendered her position as principal, thereby constituting a dismissal as such principal and thereafter limiting her tenure rights to the classification of a teacher, the appellant sat idly by since 1927, during which time she failed to institute any action to test the legality of the local Board's action.
"While laches, in its legal signification, ordinarily connotes delay that works detriment to another, the public interest requires that the protection accorded by statutes of this class be invoked with reasonable promptitude. Inexcusable delay operates as an estoppel against the assertion of the right. It justifies the conclusion of acquiescence in the challenged action." Marjon v. Altman, 120 N.J.L. 16 (Sup. Ct. 1938).
Cf. Atlantic City v. Civil Service Com., 3 N.J. Super. 57, 61 (App. Div. 1949). However, in view of the fact that counsel have argued the matter on other grounds, we proceed to a discussion and determination thereof.
We are of the opinion that the plaintiff, having accepted the unprotected position of supervisor, waived whatever rights she may have acquired to the position of principal and that the 1935 statute, as amended, having a prospective effect only, the appellant was ineligible for any preferential treatment upon the occurrence of the principalship vacancy. The language employed by Mr. Justice Heher, speaking for the Supreme Court in the Schlank case, supra, is apropos to the case sub judice:
*88 "Moreover, the right now asserted by prosecutrices must be found in the statute, or it does not exist; and we are not cited to any enactment prior to the act of 1935, supra, which bestows the right. * * * Whether a teacher so dismissed shall have such preferment as respects an after-occurring vacancy, and, if so, the conditions upon which the right is exercisable, e.g., whether it shall subsist indefinitely or for a limited period, the qualifications of the teacher asserting the right as regards the standards then obtaining, and so on, are legislative and not judicial questions: and here the legislature did not exercise its authority in the premises until the adoption of the act of 1935, supra, and then gave it a prospective view only. This enactment evidences the legislature's comprehension of the sense of the pre-existing law  i.e., that such preference was not implicit in the prior statutes. * * *"
It clearly appears from the decided cases that the transfer in 1927 of Miss Lange as principal to the position of supervisor constituted a dismissal as principal and thereafter her status was that of a teacher only, and the ensuing tenure rights that accrued to her were a teacher's tenure rights only. Werlock v. Woodbridge, supra; Wythes v. Camden, supra; Davis v. Board of Education of the Township of Overpeck, supra; MacNeal v. Board of Education of Ocean City, supra. In the MacNeal case it was held that when a principal is reduced to the rank of a teacher, he is dismissed as a principal. Vide Viemeister v. Bd. of Education of Prospect Park, 5 N.J. Super. 215, 217, 218 (App. Div. 1949).
The tenure laws provide not only for the creation of rights of tenure, but also how they may be lost. One may voluntarily relinquish his position (R.S. 18:13-20), but may not waive his tenure rights while keeping his position. Viemeister v. Board of Education of Prospect Park, supra. It seems clear to us that the appointment or transfer of Miss Lange to the position of supervisor from the position of principal constituted a dismissal as such principal, and having voluntarily assumed and performed the duties of supervisor for a period of approximately 17 years thereafter, and subsequently as a teacher (except for the brief period in 1944), she did not acquire any preferential right to appointment to the principalship vacancy in question. At the time of the *89 severance of her position as principal, the tenure act gave her no tenure protection in her position as principal, and our courts having construed the later amendments giving such tenure protection as prospective in effect, she is in no position to assert any such preferential right to the position that she now seeks. Nichols v. Board of Education, Jersey City, 9 N.J. 241 (1952).
The decision of the State Board of Education is affirmed.