CECELIA BARNES (AND 20 OTHERS), PLAINTIFFS-RE-SPONDENTS, v. BOARD OF EDUCATION OF THE CITY OF JERSEY CITY, HUDSON COUNTY, NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 21, 1964—Decided October 1, 1964.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. John J. Witkowski* argued the cause for appellant.

*Mr. Francis X. Hayes* argued the cause for respondents.

The opinion of the court was delivered by

SULLIVAN, J. A. D.    In 1958 the Board of Education of Jersey City (Local Board) "for reasons of economy and efficiency" dismissed or transferred a number of its non-educational employees, or abolished the positions held by them.    This appeal by the Local Board is from a ruling by

the State Board of Education (State Board) in favor of 12 of such employees.

As to the plaintiff Mosely the State Board remanded the matter to the Commissioner of Education for further fact findings on plaintiff Mosely's claim that he did not receive the first available appointment as fireman. While the Local Board has appealed this part of the State Board's decision, it "does not strenuously oppose" the remand. Our consideration of the record leads us to the conclusion that the remand was proper and should be affirmed.

The State Board ruled that plaintiffs Casey, Flanagan, Herberman, Colleran, Davis and Vignone held "clerical positions" and therefore had tenure under *N. J. S. A.* 18:6–27. It directed the reinstatement of Casey, Flanagan, Herberman and Vignone, who had been dismissed. The positions held by Colleran and Davis having been abolished, their cases were remanded to the Commissioner for a determination as to what rights, if any, should accrue to them by reason of their tenure. The Local Board has appealed this ruling.

The State Board also ruled that the plaintiffs Panucci, Meigh, O'Toole, Cavalli and Hayden had tenure under *R. S.* 18:5–66.1 and 18:5–67. These statutes, in effect, give tenure protection to janitors, janitor-engineers, custodians or janitorial employees. It directed that Panucci, Meigh and O'Toole be reinstated. Since the positions held by Cavalli and Hayden had been abolished, their cases were remanded to the Commissioner for a determination as to whether any of their rights were infringed by the abolition of their positions. The local Board has appealed this ruling.

The appeal involves the interpretation of the tenure statutes relied on by the State Board.

In substance, *N. J. S. A.* 18:6–27 confers tenure of office on all persons "holding any secretarial or clerical position under any board of education." Appellant contends that the words "secretarial" and "clerical" are synonymous and must be read together to denote office workers with varying skills and responsibilities, and that "a clerk is one who under

direction, performs routine, repetitive, non-complex clerical work of a varied nature as a beginner at the entrance level of employment."

██ We cannot agree that the phrase "clerical position" has the restricted meaning attributed to it by appellant. The legislative history of the amendment indicates that, as originally proposed, it would have conferred tenure on "clerks engaged in a secretarial capacity." This provision was objected to by the New Jersey Educational Association as being too narrow. As a result a committee substitute was drafted incorporating the language of the present statute. The Association approved the committee substitute which was enacted into law. *L.* 1938, *c.* 78, *p.* 194 § 2. Thus, it clearly appears that the phrase "clerical position" was intended to extend the statutory protection coverage beyond secretarial employment. Moreover, since tenure statutes are intended to secure efficient public service by protecting public employees in their employment, "the widest range should be given to the applicability of the law." *Sullivan v. McOsker,* 84 *N. J. L.* 380, 385 *(E. & A.* 1913).

As to plaintiffs Vignone, Casey, Herberman, Flanagan, Colleran and Davis, the State Board analyzed the testimony relating to the duties performed by these employees and concluded that the positions held by them were basically clerical in nature. Our review of the record satisfies us that there was substantial credible evidence to support the State Board's determination that these employees held "clerical positions" within the meaning of *N. J. S. A.* 18:6–27. The decision by the State Board as to these employees is in all respects affirmed.

*R. S.* 18:5–66.1 and 18:5–67, as noted, in substance extend tenure protection to any janitor, janitor-engineer, custodian or janitorial employee.

█ It is appellant's contention that the statutory coverage does not extend to the entire janitorial and custodial staff but is limited to the positions specified. Thus, appellant

argues that an assistant janitorial supervisor is not covered, nor utilitymen, nor a groundskeeper.

Our consideration of the statutes in the light of the principle of liberal construction satisfies us that the Legislature used the terms janitor, custodian, etc., in a generic sense with the intent to include all janitorial and custodial employees.

The evidence presented as to the duties performed by plaintiffs Panucci, Meigh, O'Toole, Cavalli and Hayden adequately supports the State Board's determination that these employees came under the provisions of *R. S.* 18:5–66.1 and 18:5–67. The decision of the State Board as to such employees is likewise affirmed.