NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5649-11T2

JUDITH A. DINAPOLI,

    Petitioner-Respondent,

v.

BOARD OF EDUCATION OF THE
TOWNSHIP OF VERONA, ESSEX
COUNTY,

    Respondent-Appellant.

| APPROVED FOR PUBLICATION |
| :---: |
| **January 22, 2014** |
| **APPELLATE DIVISION** |

Argued March 12, 2013 — Decided January 22, 2014

Before Judges Messano, Lihotz and Mantineo.

On appeal from the Commissioner of Education, Agency Docket No. 140-6/11.

Michael J. Gross argued the cause for appellant (Kenney, Gross, Kovats & Parton, attorneys; Mr. Gross, of counsel; Daniel R. Roberts, on the briefs).

Paul E. Griggs argued the cause for respondent Judith A. DiNapoli (Lindabury, McCormick, Estabrook & Cooper, P.C., attorneys; Mr. Griggs, of counsel and on the brief).

Jeffrey S. Chiesa, Attorney General, attorney for respondent Commissioner of Education (Daniela Ivancikova, Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

MANTINEO, J.S.C. (temporarily assigned)

Respondent Board of Education of the Township of Verona (Board) appeals the final decision of the Commissioner of Education (Commissioner) finding petitioner Judith DiNapoli (DiNapoli) retained her secretarial tenure rights and could "bump" a non-tenured employee when her then position of assistant school business administrator was eliminated. Following our review, we conclude the Commissioner's decision was unauthorized by the applicable statutory scheme. Accordingly we reverse.

In March of 1977, DiNapoli commenced employment with the Board as a bus driver/coordinator, an hourly, non-tenurable position. DiNapoli was then appointed to the position of accounts payable/transportation secretary on August 1, 2003, which she held until October 24, 2006, and acquired tenure as a secretary.

Thereafter, DiNapoli agreed to be reassigned as the assistant to the school business administrator, which was a non-certified position. She held that position from October 25, 2006 until June 30, 2009.

DiNapoli again consented to reassignment on July 1, 2009, accepting the position of assistant school business

administrator. This was a twelve-month position requiring administrative certificate endorsement by the school's business administrator. During a reduction in force, the Board abolished that position. On March 1, 2011, DiNapoli was given sixty days pay and released from employment.

Thereafter, DiNapoli filed a petition of appeal with the Commissioner alleging the Board violated her tenure rights by not employing her in a secretarial or clerical position held by a non-tenured employee after her position as assistant business administrator was eliminated. The Board filed an answer to the petition and the matter was transmitted to the Office of Administrative Law (OAL) for a hearing as a contested case pursuant to N.J.S.A. 52:14F-1 to -13. The parties agreed to resolve the dispute by submitting cross-motions for summary disposition with a joint stipulation of facts and legal issues and a joint exhibit list.[1] The parties stipulated the issue for determination as follows: "[Was DiNapoli] entitled to bumping rights to a secretarial or clerical position following the

---

[1] Motions for summary decision before administrative law judges are governed by N.J.A.C. 1:1-13.1 et seq. N.J.A.C. 1:1-13.2(a) provides that a decision on a motion for summary decision "shall be rendered if the papers and discovery which have been filed, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to prevail as a matter of law."

elimination of the Assistant Business Administrator position on March 1, 2011?"

The Administrative Law Judge (ALJ) held DiNapoli retained her secretarial tenure rights when assigned to the position of assistant school business administrator and should have been returned to a clerical or secretarial position held by a non-tenured employee when the Board eliminated her current position. The Commissioner affirmed the decision. This appeal followed.

I.

Our scope of review of an administrative agency's final determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We "may reverse only if we conclude that the decision of the administrative agency is arbitrary, capricious or unreasonable, or is not supported by substantial credible evidence in the record as a whole." J.D. v. N.J. Div. of Developmental Disabilities, 329 N.J. Super. 516, 521 (App. Div. 2000) (citations omitted). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div.), certif. denied, 188 N.J. 219 (2006); see also Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987) (holding

"[w]here action of an administration agency is challenged, a presumption of reasonableness attaches to the action of an administrative agency and the party who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious") (internal quotation marks omitted). This standard governs appellate review of administrative decisions involving "disputes arising under school laws." Kaprow v. Bd. of Educ. of Berkeley Twp., 131 N.J. 572, 591 (1993) (citing Dennery v. Bd. of Educ., 131 N.J. 626, 641 (1993); Dore v. Bd. of Educ., 185 N.J. Super. 447, 452 (App. Div. 1982)).

Our limited review of administrative agency decisions is informed by three inquiries:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).]

However, the deference does not require abdication of the judiciary's role in assuring the agency's action properly

comports with its legislative mandate. We review the agency's legal conclusions de novo. City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010). While we respect an agency's expertise and will "defer to the specialized or technical expertise of the agency charged with administration of a regulatory system," In re Virtua-West Jersey Hosp. Voorhees, 194 N.J. 413, 422 (2008), we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Secs., 64 N.J. 85, 93 (1973). "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Matturri v. Bd. of Trs. of the Jud. Ret. Sys., 173 N.J. 368, 381-82 (2002) (internal citations and quotation marks omitted).

## II.

On appeal, the Board suggests that whether secretaries retain tenure status after transferring to a certificated position is a question of first impression. The Board submits that a secretary forfeits her tenure upon promotion to a non-secretarial certificated position, as there is no legislative authority which permits the retention of secretarial tenure rights.

DiNapoli disputes the Board's characterization of the issue, arguing the right of a tenured employee to bump a non-tenured one is well-settled. DiNapoli urges the court to find that the tenure rights she acquired through her employment as a secretary were not relinquished when she left her position to become the assistant school business administrator.

Tenure rights are statutory and not contractual. Zimmerman, supra, 38 N.J. at 72. N.J.S.A. 18A:17-2 defines the conditions under which secretarial employees of a board of education are entitled to the security of tenure. The objective of such tenure statutes is to protect competent and qualified employees, after a probationary period from being removed for "unfounded, flimsy, or political reasons." Zimmerman v. Newark Bd. of Educ., 38 N.J. 65, 71 (1962), certif. denied, 371 U.S. 956, 83 S. Ct. 508, 9 L. Ed. 2d 502 (1963). To acquire the security of tenure, the precise conditions enunciated in the applicable statute must be met. See Picogna v. Bd. of Educ. of Twp. of Cherry Hill, 143 N.J. 391, 400 (1996) ("[t]enure arises only upon compliance with the precise conditions articulated in the statute"); Kletzkin v. Bd. of Educ. of the Borough of Spotswood, 136 N.J. 275, 278 (1994) ("[t]enure is a statutory right that depends on a teacher's satisfying specific statutory conditions"); Zimmerman, supra, 38 N.J. at 72 ("[i]n order to

acquire the status of a permanent teacher under a tenure law . . . a teacher must comply with the precise conditions articulated in the statute").  Tenure "arises only by the passage of time fixed by the statute . . . ."  Canfield v. Bd. of Educ. of Pine Hill Borough, 97 N.J. Super. 483, 490 (App. Div. 1967) (Gaulkin, J., dissenting), rev'd on dissent 51 N.J. 400 (1968).  The employee shoulders the burden of establishing entitlement to tenure protection, which ordinarily must be clearly proven.  Id. at 493.

In interpreting statutes, a court's goal is to effectuate the legislative intent.  TAC Assocs. v. N.J. Dept. of Envtl. Prot., 202 N.J. 533, 540 (2010).  In order to accomplish this goal, the court first looks to the plain meaning of the statute.  Praxair Tech, Inc. v. Dir., Div. of Taxation, 201 N.J. 126, 136 (2009).  It is fundamental for the court to apply the law as written, according to its plain language.  Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 264 (2008).  Where the language is clear, we may not look beyond the statutory terms to determine the legislative intent.  State v. Churchdale Leasing, Inc., 115 N.J. 83, 101 (1989).  Courts are not permitted to "rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language."  O'Connell v. State, 171 N.J. 484,

488 (2002). Courts should be extremely reluctant to add terms to a statute, lest they usurp the Legislature's authority. <u>See Craster v. Newark Bd. of Comm'rs</u>, 9 <u>N.J.</u> 225, 230 (1952) (holding that courts "should not write in an additional qualification which the Legislature pointedly omitted in drafting its own enactment"). Finally, "construing or interpreting a clear and unambiguous statute is simply not permissible." <u>MacMillan v. Dir., Div. of Taxation</u>, 180 <u>N.J. Super</u>. 175, 177 (App. Div. 1981), (internal quotation marks omitted), <u>aff'd</u>, 89 <u>N.J.</u> 216 (1982).

The Board argues <u>N.J.S.A.</u> 18A:17-2 authorizes tenure to be maintained only while the employee serves in a secretarial position, office or employment. That statute provides:

> a. Any secretary, assistant secretary, school business administrator or business manager of a board of education of any school district who has or shall have devoted his full time to the duties of his office and has or shall have served therein for three consecutive calendar years, and
>
> b. Any person holding any secretarial or clerical position or employment under a board of education of any school district or under any office thereof, after
>
> 1. The expiration of a period of employment of three consecutive calendar years in the district or such shorter period as may be fixed by the board or office employing him, or

2. Employment for three consecutive academic years, together with employment at the beginning of the next succeeding academic year, an academic year being the period between the time when school opens in the district after the general summer vacation and the beginning of the next succeeding summer vacation, and

c. Any person, who has acquired, or shall hereafter acquire, tenure in any secretarial or clerical office, position or employment under the board of education of a school district and has been appointed district clerk or secretary, or shall hereafter be appointed secretary of said district, as such secretary, shall hold his office, position or employment under tenure during good behavior and efficiency and shall not be dismissed or suspended or reduced in compensation, except for neglect, misbehavior or other offense and only in the manner prescribed by subarticle B of article 2 of chapter 6 of this title.

Ibid.

Initially, we find the plain language of the statute does not support the Commissioner's determination that DiNapoli retained her tenure rights upon transfer to a certificated position. Nor does N.J.S.A. 18A:17-2 reflect a legislative design to provide secretaries, who have relinquished their positions for non-secretarial certificated employment, the right to retain tenure. Rather, the language of N.J.S.A. 18A:17-2 limits the retention of tenure to the time during which the employee holds her secretarial office, position or employment. The Commissioner's conclusion that secretarial staff maintain

tenure upon transfer to non-secretarial positions is unfounded under the express terms of the statute. Once DiNapoli voluntarily transferred to the assistant school business administrator position, she no longer held her "office, position or employment" as a secretary and, absent expressed statutory authority, she relinquished her right to "bump back" into a secretarial position.

"The Legislature is presumed to be familiar with its own enactments, with judicial declarations relating to them, and to have passed or preserved cognate laws with the intention that they be construed to serve a useful and consistent purpose." St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 14 (2005) (citations omitted). Indisputably, if the Legislature had intended for a secretary, who acquired tenure pursuant to N.J.S.A. 18A:17-2 (b) or (c), to retain tenure upon relinquishment of his or her secretarial position, it would have provided for such protection in the statute, similar to the provisions found in other tenure retention provisions.

For example, N.J.S.A. 18A:28-5 provides, in relevant part:

> [t]he services of all teaching staff members employed in the positions of teacher, principal . . . shall be under tenure during good behavior . . . and shall not be dismissed or reduced in compensation except for inefficiency, incapacity, or conduct unbecoming. . . .

Also in this regard, the Legislature enacted N.J.S.A. 18A:28-6 and 18A:17-20.4, which afford tenure retention rights to teachers and superintendents notwithstanding promotion or transfer. N.J.S.A. 18A:28-6 specifies a tenured teaching staff member, after transfer or promotion, whose new position is terminated before tenure in that position is achieved "shall be returned to his [or her] former position at the salary which he [or she] would have received had the transfer or promotion not occurred[.]" Also, N.J.S.A. 18A:17-20.4 provides similar protection for those promoted to superintendents, who "shall retain all tenure rights accrued in any position which was previously held by the superintendent in the district."

These provisions represent the Legislature's intent to preserve tenure for certain employees who transferred or were promoted to a different position prior to achieving tenure in that position. N.J.S.A. 18A:17-2 does not contain a similar tenure retention provision regarding tenured secretarial employment, thus reflecting the Legislature's decision not to afford such rights.[2] "When the Legislature has carefully

---

[2] This is not the only instance where secretaries are afforded less rights than other school employees. For instance, the seniority preferences and recall lists available to teachers are not available to secretaries. See, e.g., Ferronto v. Bd. of Educ. of the Twp. of Weymouth, et al., EDU 8774-02, final
(continued)

employed a term in one place and excluded it in another, it should not be implied where excluded." In re Plan for the Abolition of the Council on Affordable Housing, 214 N.J. 444, 470 (2013) (internal quotation marks and citations omitted).

The fact that the Legislature limited secretarial tenure to the period of time an employee "holds [his or her secretarial] office, position or employment" precludes a finding that DiNapoli retained her tenure rights after being transferred to a non-secretarial position. See N.J.S.A. 18A:17-2.

DiNapoli argues N.J.S.A. 18A:28-6 and 18A:17-20.4 are inapposite because they do not address tenure retention but rather focus on seniority preservation. We disagree.

In our review of statutory enactments, we must read statutes dealing with the same subject matter in pari materia and construe them together as a "unitary and harmonious whole." Lacy, supra, 185 N.J. at 14-15 (citations omitted). "Statutes in pari materia are to be construed together when helpful in resolving doubts or uncertainties and the ascertainment of legislative intent[,]" and "it is basic in the construction of legislation that every effort should be made to harmonize the

---

(continued)
decision, (February 1, 2006), http://njlaw.rutgers.edu/collections/oal/search.html>.

A-5649-11T2

law relating to the same subject matter." State v. Green, 62 N.J. 547, 554-55 (1973).

In determining whether legislative enactments "actually 'concern the same object,'" a court should consider "whether both statutes were included in one enactment, whether the proofs required overlap, and whether they are 'designed to serve the same purpose and objective[.]'" Marino v. Marino, 200 N.J. 315, 330 (2009) (quoting 2B Sutherland Statutory Construction § 51:3 (7th ed. 2008)). Both N.J.S.A. 18A:17-2 and 18A:28-6 were enacted at the same time. See L. 1967, c. 271. N.J.S.A. 18A:17-20.4 was enacted subsequently. See L. 1991, c. 267, § 8.

We are satisfied that all three statutes concern the same object, namely, the accrual and retention of tenure by school district employees, and are designed to serve the same purpose and objective. "When the Legislature expressly includes a requirement in one section and excludes that same requirement in other subsections of the same general statute, we need not strain to import that requirement where it is not." In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 492 (2004). When considered together, it is obvious the Legislature did not intend to afford secretaries tenure preservation upon transfer or promotion from secretarial employment as they did not adopt a provision providing for tenure retention in the legislation.

We next consider the Commissioner's determination that Given v. East Windsor Regional School District, 1978 S.L.D. 43 (Comm. Jan. 30, 1978), aff'd, 1978 S.L.D. 46 (St. Bd. Of Educ. June 7, 1978), aff'd, 1979 S.L.D. 832 (App. Div. May 18, 1979) controls the within matter.

In Given, the petitioner was employed as a tenured clerk before accepting a position as secretary within the district. After working as a secretary for approximately twenty-two months, Given was involuntarily returned to a clerical position. Ibid. Given appealed to the Commissioner for an order declaring that she was a tenured secretary and therefore not subject to reassignment as a clerical employee. Ibid. Given argued that the transfer and the reduction in compensation violated her tenure rights as a secretary which she contended she acquired immediately upon her promotion to the position. Id. at 44. The Board conceded that Given had earned tenure as a clerk, but denied that she had served the requisite probationary period to earn tenure as a secretary. Ibid. In rejecting petitioner's argument, the Commissioner upheld the action of the Board in reassigning petitioner to a clerical position, finding:

> there exists a legitimate interest for a local board to have a probationary period for clerical and secretarial employees in its employ who receive a promotion. The

Commissioner opines that to hold otherwise would work hardship on both the board and the employee if instant tenure were to accrue to a promotional position made in good faith by the board. A clerk or secretary so promoted would likely be required to demonstrate greater technical skills in order to properly discharge more complex responsibilities and must have a probationary period in which to adequately adjust to the new position. The fact that the Legislature has not established a specific statutory probationary period for clerks and secretaries who have been promoted, such as exists in N.J.S.A. 18A:28-6 for certificated personnel, does not obviate the need for such a probationary period. The Commissioner holds that a tenured clerk or secretary, upon promotion to another position within the school district, must satisfy the precise conditions enunciated in N.J.S.A. 18A:17-2(b) and (c) to achieve a tenure status in the new position. The Commissioner further holds that tenure rights accrued in a school system in any clerical or secretarial position prior to promotion shall not be negated by such promotion and shall remain as a continuing entitlement to such employee.

[Id. at 45.]

The Commissioner's ruling in Given applies only in the limited situations where a secretary or clerk is promoted to another secretarial or clerical position. This is implicit from the language of the opinion, which required that a promoted clerk or secretary "must satisfy the precise conditions enunciated in N.J.S.A. 18A:17-2(b) and (c)," since those conditions only pertain to clerical and secretarial employees.

Ibid. (emphasis added).  That portion of the decision upon which the Commissioner relied in this case, i.e., "that tenure rights accrued in a school system in any clerical or secretarial position prior to promotion shall not be negated by such promotion and shall remain as a continuing entitlement to such employee," was dicta, since it had no effect upon the outcome of the case.

More importantly, Given did not address the issue presented here, namely, whether the tenure achieved under N.J.S.A. 18A:17-2, is retained when the tenured secretary accepts a certificated position and leaves her tenured secretarial employment.  In addressing this issue we look to Colon-Serrano v. Plainfield Bd. of Educ., 2007 WL 4644775 (N.J. Adm.) (Colon-Serrano I), aff'd in part, rev'd in part, 2008 WL 1795250 (N.J. Adm.) (Colon-Serrano II), aff'd, 2008 WL 2971334 (N.J. Adm.) (Colon-Serrano III) for guidance.

In Colon-Serrano, the petitioner was employed by the district in the clerical position of attendance aide and obtained tenure pursuant to N.J.S.A. 18A:17-2.  Colon-Serrano I, supra, at *1.  Thereafter, the petitioner transferred to a classroom aide position, which was neither clerical nor tenure eligible.  Ibid.  The petitioner held her position as classroom aide from 1994 until the district failed to renew her contract

in 2006.  <u>Ibid.</u>  The petitioner then sought to return to a clerical position held by a non-tenured or less senior clerical employee.  <u>Ibid.</u>  When the Board refused to return the petitioner to a clerical title, she filed a petition with the Commissioner seeking reinstatement on the basis of her prior accrued tenure.  <u>Ibid.</u>

The ALJ concluded the petitioner earned tenure in the clerical position of attendance aide and ordered the Board to place petitioner in a clerical position held by a non-tenured or less senior employee.  <u>Id.</u> at *3.  On review, the Commissioner agreed that the petitioner had acquired tenure as a clerical employee, but rejected the conclusion that the petitioner, "who voluntarily left her tenured position in 1994 to accept the separate and non[-]tenurable position of classroom aide . . . is now entitled to 'bump back' into a clerical position held by a non[-]tenured or less senior clerical employee . . ."  <u>Colon-Serrano II</u>, <u>supra</u>, at *2.  The Commissioner specifically found:

> <u>N.J.S.A.</u> 18A:17-2 provides that clerical employees who acquire tenure "shall hold [their] office, position or employment under tenure during good behavior and efficiency and shall not be dismissed or suspended or reduced in compensation except for neglect, misbehavior or other offense and only in the manner prescribed by [the Tenure Employees Hearing Law]." . . . In this matter, however, the employment from which the petitioner was dismissed was neither her tenured clerical employment nor an extension

or "hybrid" continuation of such employment,[3] but rather a clearly distinct, non[-]clerical, and non[-]tenured classroom aide position to which she voluntarily transferred in 1994. . . . Under these circumstances, when the petitioner was advised in July 2006 that her contract would not be renewed, the protections of N.J.S.A. 18A:17-2 were no longer applicable; in the absence of express legislative provision for retention of accrued tenure rights upon transfer to a position which is not tenure eligible, the petitioner must be deemed to have relinquished the protections associated with her clerical tenure upon acceptance of the nonprotected position of classroom aide.

[Id. at *2 (alteration in original).]

This case is factually similar to Colon-Serrano in that DiNapoli left her tenured secretarial position to pursue the non-secretarial certificated position of assistant school business administrator. Once DiNapoli abandoned her employment as a secretary, she relinquished the tenure rights she had

---

[3] The Commissioner specifically distinguished the facts from those presented in Keaney v. Bd. of Educ. of the Twp. of Bloomfield, EDU 5881-03, initial decision (July 28, 2005), http://njlaw.rutgers.edu/collections/oal/search.html> and adopted, Comm'r, final Decision (August 31, 2005), http://njlaw.rutgers.edu/collections/oal/search.html> (the Commissioner adopted the ALJ's initial decision which found petitioner "never knowingly and intelligently waived his tenure as a janitorial employee when he assumed the title of supervisor of maintenance" in which he still maintained his janitorial duties); and Quinlan v. Bd. of Educ. of N. Bergen Twp., 73 N.J. Super. 40, 47-48 (App. Div. 1953) (holding petitioner's tenure as a clerk was not terminated by the board's unilateral appointment of her as clerk-attendance officer where she continued to perform clerical duties as well as those of an attendance officer).

accrued therein. Although Colon-Serrano's new position was not tenure eligible and DiNapoli's position was, that fact alone cannot support a dissimilar result, as there was no discussion by the Commissioner in Colon-Serrano about how, if at all, that fact affected his finding. Further, there was no reference by the Commissioner to any statutory authority that would support the disparate treatment of secretaries who transfer into non-tenurable positions versus those who transfer into tenure eligible positions. There is no basis in N.J.S.A. 18A:17-2 for such a distinction. In finding Colon-Serrano had forfeited her tenure rights, the Commissioner focused on the fact that the petitioner was no longer employed in the clerical employment that had been the source of her tenure, and was instead engaged in a "distinct, nonclerical . . . position[.]" Id. at *2.

Additionally, there is nothing in the record in Colon-Serrano, other than the petitioner's acceptance of a non-tenurable position, to demonstrate an intention to relinquish her clerical tenure rights, yet the Commissioner found she forfeited the tenure protections she had acquired by way of her transfer. We too must find DiNapoli abandoned her tenure rights when she accepted a transfer to a non-secretarial certificated position.

Here, the Commissioner adopted the ALJ's conclusion that the decision in Colon-Serrano expanded without distinction upon the decision in Given but offered no basis or support for that conclusion. We disagree with the ALJ's determination, as it is clear the decision in Colon—Serrano limited Given's holding. Simply stated, Given and Colon-Serrano cannot be reconciled unless Given is limited to situations where clerks and secretaries are promoted or transferred to other clerical or secretarial positions.

We also reject the Commissioner's restrictive interpretation of Lange v. Bd. of Educ. Of Borough of Audubon, 26 N.J. Super. 83 (App. Div. 1953). The Commissioner merely stated Lange was "inapposite to the instant controversy [,]" without meaningful discussion. However, we conclude Lange offers further support for the conclusion that DiNapoli relinquished her secretarial tenure.

In Lange, the petitioner was employed by the Audubon Board of Education, beginning her service as a teacher in 1912. Id. at 84. In 1914, she was transferred, with her consent, to the position of principal in which she served from 1914 until 1927. Ibid. In June 1927, she was assigned by the Board of Education to the position of "Supervisor to Supervise Grade Schools," and served in that capacity until the position was abolished in June

1944 for reasons of economy and diminution in the number of pupils. Ibid. Thereafter, she served as a teaching principal in one of the grade schools until September 18, 1944, when it was discovered that there had been no vacancy in such position and Lange was returned to a teaching position. Id. at 85.

In 1951, a vacancy arose in a principal position and Lange applied asserting rights to the position by virtue of her prior service as principal. Ibid. She was not appointed to the position and appealed, arguing that under the then Teachers' Tenure Law, R.S. 18:13-16, 17, 19 and 20, she did not lose her tenure as principal when she accepted the position of "Supervisor to Supervise Grade Schools," and "when the [supervisor] position was abolished in 1944, she was entitled to appointment to fill the next available principalship." Ibid. The Board of Education contended Lange "lost any tenure she may have had as a principal under the Teachers['] Tenure Law by accepting the position of supervisor." Ibid. The State Commissioner of Education affirmed the Board's determination and Lange appealed. Ibid.

At the time Lange served as principal, she was protected by tenure. The original Teachers' Tenure Law was enacted in 1909, see L. 1909, c. 243, p. 398; however, it was not until amendments enacted in 1935 that the concept of seniority was

22                                                          A-5649-11T2

introduced and given prospective effect.  See L. 1935 c. 126. p.
331; Lange, supra, 26 N.J. Super. at 85-86 (citing Downs v. Bd.
of Educ. of Hoboken, 126 N.J.L. 11, 13 (Sup. Ct. 1940), aff'd,
Schlank v. Bd. of Educ. of Hoboken, 127 N.J.L. 602 (E. & A.
1942)); Werlock v. Woodbridge, 1939-1949 Comp. School Law
Decisions, p. 107 (1948), aff'd on other grounds, 5 N.J. Super.
140 (App. Div. 1949).

Important for our purposes here is the court's discussion
of Lange's relinquishment of her principalship, and the rights
connected therewith.  Specifically the court found:

> The record is barren of any protest or
> expression of dissatisfaction by plaintiff
> respecting her change of status from
> principal to supervisor.  Nor does it appear
> that any proceeding was initiated by her to
> test the local board's action or that the
> appellant at any time protested or took any
> action indicating dissatisfaction with the
> action of the local board voiding the
> principalship held by her for a brief period
> of time in 1944.  We think, therefore, it is
> a reasonable inference that she surrendered
> her principalship in 1927 voluntarily.  The
> appellant concedes that one may voluntarily
> relinquish a position, . . . but asserts
> that tenure rights may not be waived while
> keeping the position.
>
> . . . .
>
> This appeal might well be disposed of
> on the ground of laches.  Notwithstanding
> the fact that by accepting the position of
> supervisor, she surrendered her position as
> principal, thereby constituting a dismissal
> as such principal and thereafter limiting

her tenure rights to the classification of a
teacher . . . .

[Lange, supra, 26 N.J. Super. at 86-89
(citations omitted).]

In this case, we disagree with the Commissioner's conclusion that Lange is not relevant. Lange involved consideration of whether the petitioner retained her tenure rights in the position of principal after she voluntarily transferred from principal to supervisor, a separate tenurable position. We found Lange "waived whatever rights she may have acquired to the position of principal[,]" possessed no seniority rights with respect to a principal position and had no claim to be on a preferred eligibility list for her service as principal from 1914 to 1927. Id. at 87. The Commissioner here failed, however, to consider our specific holding in his analysis.

Like Lange, DiNapoli did not protest or express dissatisfaction with her transfer or promotion to the position of assistant school business administrator. Moreover, like Lange, she voluntarily transferred from her tenured secretarial position to another tenure eligible position. When the holding in Lange is applied to these facts, DiNapoli must be found to have relinquished her secretarial tenure upon promotion to the position of assistant school business administrator. Just as Lange had no claim to a principal position that became available

24                                          A-5649-11T2

in 1951, DiNapoli cannot be said to have the right to "bump back" to a secretarial position held by a non-tenured employee.

IV.

DiNapoli concedes that an individual may voluntarily relinquish a position, but argues she may not waive her tenure rights while keeping her position. Lange, supra, 26 N.J. Super. at 88. Nevertheless, she argues that at the time she accepted the promotion and subsequent transfer to the position of assistant school business administrator, she did not relinquish, waive or forfeit her position as secretary. There is no support for this argument in the record before us. There is nothing to suggest that either party considered the transfers or promotions temporary assignments. In fact, in order for DiNapoli to become the assistant school business administrator she needed to obtain the appropriate certification credentials. She obtained the certification, thus evidencing her intention to remain in the position as assistant school business administrator, not secretary. Certainly, the facts support the conclusion that DiNapoli relinquished her secretarial position upon her acceptance of the promotion or transfer to the position of assistant school business administrator.

DiNapoli further argues that since she was "assigned" to the positions of assistant to the business administrator and

assistant school business administrator, she did not waive or voluntarily relinquish her position as a secretary. We also find this argument meritless. A voluntary resignation equates to abandonment of tenure rights. Kimless V. Twp. of Woodbridge Bd. of Educ., 1978 S.L.D. 651, 656 (1978) (citations omitted) ("Such [a] holding is consistent with previous rulings of the Commissioner wherein it was held petitioners voluntarily resigned teaching position which constituted abandonment of their rights to a tenure claim"). Despite DiNapoli's suggestion to the contrary, she could only have been transferred or promoted with her consent. Thus, when DiNapoli voluntarily assumed the position of assistant to the business administrator and then accepted a promotion to the position of assistant school business administrator, she relinquished her secretarial position and tenure rights.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5649-11T2