**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0078-16T3

BRENDA MILLER,

    Petitioner-Appellant,

v.

STATE-OPERATED SCHOOL DISTRICT
OF THE CITY OF NEWARK, ESSEX
COUNTY,

    Respondent-Respondent.

_____

Argued February 5, 2018 — Decided July 27, 2018

Before Judges Vernoia and DeAlmeida.

On appeal from the Commissioner of Education,
Agency Docket No. 301-10/14.

William P. Hannan argued the cause for
appellant (Oxfeld Cohen, PC, attorneys;
William P. Hannan, of counsel and on the
brief).

Shana T. Don argued the cause for respondent
Newark Public School District (Scarinci &
Hollenbeck, LLC, attorneys; Ramon E. Rivera,
of counsel; Jason T. Mushnick and Shana T.
Don, on the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent New Jersey Commissioner of
Education (Nicole T. Castiglione, Deputy

Attorney General, on the statement in lieu of brief).

PER CURIAM

Plaintiff Brenda Miller appeals from the New Jersey Commissioner of Education's final agency decisions dismissing her claims that her employment with the State Operated School District of the City of Newark (the District) was terminated in violation of her tenure rights under N.J.S.A. 18A:17-2, and the termination was void because it was effectuated without the proper delegation of authority by the District's superintendent. Because we conclude the termination of plaintiff's employment violated her tenure rights under N.J.S.A. 18A:17-2, we reverse.

I.

The relevant facts are not disputed. Plaintiff was hired by the District on May 4, 1998, and held various provisional titles until her permanent appointment to the title of Senior Clerk on April 1, 2004. She held that position until her transfer to the title of Secretarial Assistant, Typing on July 23, 2007. Effective June 16, 2012, her title was renamed Secretarial Assistant. The parties agree that all of the foregoing positions were classified titles under the Civil Service Act (the Act), N.J.S.A. 11A:1-1 to 12-6.

Effective July 2012, the District reclassified plaintiff's position to the unclassified title of Confidential Assistant. In a letter to plaintiff sent almost seventeen months later, the District confirmed plaintiff's July 2, 2012 reassignment to the Confidential Assistant position, and advised the new position was "unaffiliated" and therefore no longer governed by the Act. The letter explained that plaintiff's employment record would reflect she resigned from her Civil Service title effective June 30, 2012, and would "no longer be afforded Civil Service rights." The letter further informed plaintiff she could "request consideration for reemployment in [her] prior Civil Service title" with the District "by indicating [her] availability within three (3) years of the date of [her] resignation." Plaintiff did not appeal her transfer to the unclassified position, or the District's confirmation of her resignation from the classified position, to the Civil Service Commission.

More than two years later, on August 15, 2014, the District's Chief Talent Officer, Vanessa Rodriguez, sent plaintiff a letter terminating her employment. Plaintiff appealed to the Civil Service Commission, arguing the termination violated the Act because she was entitled to return to the permanent classified position she held prior to the 2012 transfer. The Civil Service Commission dismissed her appeal, finding plaintiff acquiesced to

the 2012 transfer and effectively resigned from her classified position at that time. The Commission concluded plaintiff was terminated from her classified position in 2012, and had no right to challenge the 2014 termination from her unclassified position under the Act. There is no record showing plaintiff appealed the Commission's decision.

Plaintiff also appealed her termination to the Commissioner of Education. She alleged her termination was unlawful because she had tenure under N.J.S.A. 18A:17-2 in her position as a Confidential Assistant, and Rodriguez lacked the authority to terminate her. In a December 9, 2015 decision, an Administrative Law Judge (ALJ) granted summary disposition in plaintiff's favor finding plaintiff had tenure under N.J.S.A. 18A:17-2 because she had been employed by the District in secretarial positions for more than three consecutive years. The ALJ concluded plaintiff's termination violated her tenure rights under N.J.S.A. 18A:17-2, and recommended plaintiff's reinstatement.

The District filed exceptions to the ALJ's decision, and the Commissioner rejected the ALJ's recommended decision. The Commissioner determined plaintiff did not earn tenure under N.J.S.A. 18A:17-2 while she served in classified positions under the Act because N.J.S.A. 18A:28-2 provides that "[n]o person, who is in the classified service of the civil service of the state

4                                                          A-0078-16T3

pursuant to Title 11, Civil Service . . . , shall be affected by any provisions of this chapter."[1]  The Commissioner concluded plaintiff accrued credit toward tenure under N.J.S.A. 18A:17-2 only during the period following her 2012 transfer to the unclassified position, and that because she had not served in that position for three consecutive years prior to her termination, she did not have tenure rights under the statute.  The Commissioner dismissed plaintiff's claim that her termination violated her tenure rights under N.J.S.A. 18A:17-2, and remanded for the ALJ to consider plaintiff's remaining claim — that Rodriguez lacked the authority to terminate her employment.

On remand before the ALJ, the parties relied solely on written submissions.  The ALJ considered a certification from Larisa Shambaugh, who stated she was "fully familiar with the facts and circumstances associated with [plaintiff's] case," and was appointed the District's Interim Chief Talent Officer following Rodriguez's resignation in January 2016.  Shambaugh stated the State-appointed Superintendent has responsibility for the hiring

---

[1]  We note that although N.J.S.A. 18A:28-2 expressly references Title 11, "[i]n 1986, the Legislature passed the current Civil Service Act, repealing Title 11 and establishing Title 11A of the New Jersey Statues."  In re Reallocation of Prob. Officer, 441 N.J. Super. 434, 444 (App. Div. 2015); L. 1986, c. 112.  We construe N.J.S.A. 18A:18-2's reference to Title 11 to include Title 11A.

and firing of District employees and "delegates to the Chief Talent Officer the responsibility to communicate with District employees regarding their employment." Attached to Shambaugh's certification is a job description for the District Chief Talent Officer, the position Rodriguez held when she sent the August 2014 letter terminating plaintiff's employment.

The District also submitted a certification from Christopher Cerf, who replaced Cami Anderson as the District Superintendent in July 2016. Cerf stated that Anderson delegated the authority to hire and fire the District's "non-civil service employees" to Rodriguez, and that upon his appointment as Superintendent, he continued that delegation of authority to Rodriguez and, following her resignation, to Shambaugh.

The ALJ found the certifications convincing. He determined N.J.S.A. 18A:7A-42(a)(3) authorized the Superintendent to "delegate to subordinate officers or employees in the district any of his powers or duties as he may deem desirable to be exercised under his supervision and direction," and concluded the certifications and Chief Talent Officer's job description established Rodriguez had the delegated authority to terminate plaintiff's employment in 2014. The ALJ also found it "inconceivable" that in a District "consist[ing] of seventy-four schools serving 39,440 students," the Superintendent "would micro-

manage every personnel decision," and "logical" that decisions concerning the duty to hire and fire unclassified employees would be delegated to the Chief Talent Officer whose job description required "leadership in all matters related to talent management."

The ALJ also found plaintiff had the burden of establishing by a preponderance of the evidence that Rodriguez lacked the requisite delegated authority, and she failed to sustain her burden because she offered nothing more than "a bald assertion that the State-Appointed Superintendent did not delegate the authority" to Rodriguez. The ALJ noted that plaintiff failed to present any evidence refuting the Shambaugh and Cerf certifications, and concluded the "unrefuted evidence supports [a finding] of proper delegation of authority." The ALJ recommended dismissal of plaintiff's claim Rodriguez lacked the authority to terminate her employment.

The Commissioner adopted the ALJ's findings and recommendation, and determined that in 2014 the Superintendent delegated her authority to terminate plaintiff's employment to Rodriguez in accordance with N.J.S.A. 18A:7A-42(b). The Commissioner, relying on the Shambaugh and Cerf certifications and the lack of any evidence from plaintiff refuting them, concluded plaintiff failed to sustain her burden of showing Rodriguez lacked the authority to terminate her employment.

A-0078-16T3

On appeal, plaintiff challenges the Commissioner's decisions, and presents the following arguments:

POINT I

STANDARD OF REVIEW OF AGENCY DECISION.

POINT II

THE COMMISSIONER OF EDUCATION ERRED IN FINDING THAT [PLAINTIFF] DID NOT HAVE TENURE UNDER . . . TITLE 18A AT THE TIME OF HER TERMINATION.

a. The Commissioner's Narrow Application of N.J.S.A. 18A:17-2 Ignores the Long-Established Requirement that Tenure Statutes Are to be Liberally Construed in Favor of Employees and [Plaintiff] Satisfied the Express Terms of the Statute.

b. The Commissioner Erred by Applying N.J.S.A. 18A:28-2 to [Plaintiff] as a Non-Teaching Staff Member.

POINT III

THE COMMISSIONER ERRED BY [DISMISSING] COUNT TWO OF [PLAINTIFF'S] PETITION BECAUSE THE DISTRICT PRESENTED NO CREDIBLE EVIDENCE TO DEMONSTRATE THAT THE AUTHORITY TO TERMINATE [PLAINTIFF] HAD BEEN PROPERLY DESIGNATED TO THE CHIEF TALENT OFFICER PURSUANT TO LAW.

II.

"The scope of appellate review of a final agency decision is limited," and we will not overturn an agency's final decision "in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacked fair support in the evidence."  In

re Carter, 191 N.J. 474, 482 (2007) (citations omitted). Generally, our review of an agency decision is

> restricted to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Proposed Quest Acad. Charter Sch., 216 N.J. 370, 385 (2013) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

The person challenging an agency action has "[t]he burden of showing that an action was arbitrary, unreasonable or capricious." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citing Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986)).

Although "we respect an agency's expertise and will 'defer to the specialized or technical expertise of the agency charged with administration of a regulatory system,' we are 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" DiNapoli v. Bd. of Educ. of Twp. of Verona, 434 N.J. Super. 233, 236-37 (App. Div. 2014) (first quoting In re Virtua-West Jersey Hosp. Voorhees, 194

N.J. 413, 422 (2008); and then quoting Mayflower Sec. Co. v. Bureau of Secs., 64 N.J. 85, 93 (1973)). "Statutory interpretation involves the examination of legal issues and is, therefore, a question of law subject to de novo review." Saccone v. Bd. of Trs. of Police and Firemen's Ret. Sys., 219 N.J. 369, 380 (citations omitted) (citing McGovern v. Rutgers, 211 N.J. 94, 107-08 (2012)).

The Commissioner's rejection of plaintiff's claim that her termination violated her tenure rights is founded on his interpretation of N.J.S.A. 18A:17-2 and N.J.S.A. 18A:28-2. The Commissioner recognized that under N.J.S.A. 18A:17-2(b), a secretary employed by a board of education has tenure after "the expiration of a period of employment of three consecutive years," and plaintiff was employed in secretarial positions for that period of time during her employment by the District. The Commissioner, however, found plaintiff's years of service in classified secretarial positions prior to her 2012 reassignment could not be counted toward the time of service requirements for tenure under N.J.S.A. 18A:17-2, because N.J.S.A. 18A:28-2 provides that "[n]o person, who is in the classified service of the civil service . . . pursuant to Title 11 . . . shall be affected by any provisions of this chapter."

An appellate court's primary purpose in construing a statute is to "discern the meaning and intent of the Legislature." State v. Gandhi, 201 N.J. 161, 176 (2010). "There is no more persuasive evidence of legislative intent than the words by which the Legislature undertook to express its purpose; therefore, we first look to the plain language of the statute." Perez v. Zagami, LLC, 218 N.J. 202, 209-10 (2014). "We ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (internal citation omitted). Where "the plain language leads to a clear and unambiguous result, . . . our interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007). When the statutory language "clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." McCann v. Clerk of Jersey City, 167 N.J. 311, 320 (2001) (quoting SASCO 1997 NI, LLC v. Zudkewich, 166 N.J. 579, 586 (2001)).

Plaintiff contends she earned tenure in her secretarial positions under N.J.S.A. 18A:17-2, which "defines the conditions under which secretarial employees of a board of education are entitled to the security of tenure." DiNapoli, 434 N.J. Super. at 237. The statute provides that "any person holding any

11

secretarial or clerical position" has tenure after either "[t]he expiration of a period of employment of three consecutive calendar years in the district or such shorter period as may be fixed" by the board of education, or "[e]mployment for three consecutive academic years, together with employment at the beginning of the next succeeding academic year." N.J.S.A. 18A:17-2(b)(1) and (2). "To acquire the security of tenure, the precise conditions enunciated in . . . [N.J.S.A. 18A:17-2] must be met." DiNapoli, 434 N.J. Super. at 237-38.

It is undisputed that plaintiff held secretarial positions following her permanent appointment in 2004 through her termination in 2014, and therefore was employed for a sufficient period of time to earn tenure under N.J.S.A. 18A:17-2. The Commissioner, however, rejected plaintiff's claim she had tenure rights under N.J.S.A. 18A:17-2 based on the conclusion plaintiff did not accrue credit toward the time in employment requirements of the statute during her employment in the classified Civil Service positions.

The Commissioner determined that N.J.S.A. 18A:28-2 barred consideration of plaintiff's employment in classified Civil Service positions in the calculation of the time in employment requirements for tenure under N.J.S.A. 18A:17-2. N.J.S.A. 18A:28-2 provides:

A-0078-16T3

> No person, who is in the classified service
> of the civil service of the state pursuant to
> Title 11, Civil Service, of the Revised
> Statutes, <u>shall be affected by any provision
> of this chapter</u>.

[(Emphasis added).]

The Commissioner reasoned that because N.J.S.A. 18A:28-2 provides that "[n]o person" who holds a classified Civil Service title "shall be affected by any provision of this chapter," plaintiff's employment in her Civil Service position could not be considered in determining if she satisfied the time in employment requirements for tenure under N.J.S.A. 18A:17-2. We disagree.

N.J.S.A. 18A:28-2 was enacted in 1967, <u>L.</u> 1967, <u>c.</u> 271, and included in the chapter of Title 18A entitled "Tenure," which the Legislature designated as Chapter 28. N.J.S.A. 18A:28-2's plain language makes clear that individuals in classified Civil Service positions are not "affected by any provision of" Chapter 28. The statute is expressly limited in its applicability — it renders Chapter 28's tenure provisions inapplicable to persons holding classified Civil Service positions.

The fatal flaw in the Commissioner's reasoning is that Chapter 28's tenure provisions are inapplicable to individuals, such as plaintiff, holding secretarial positions, and thus are inapplicable to the determination of plaintiff's tenure. Chapter 28 is bereft of any provisions concerning the tenure rights of

A-0078-16T3

secretarial employees.  Chapter 28 pertains exclusively to the tenure rights of teaching staff members in public school districts.[2]  See, e.g., DiNapoli, 434 N.J. Super. at 240-41 (comparing tenure rights of secretaries under N.J.S.A. 18A:17-2 with the rights of teaching staff members under N.J.S.A. 18A:28-6 and superintendents under N.J.S.A. 18A:17-20.4).

The plain language of N.J.S.A. 18A:28-2 exempts persons employed in classified Civil Service titles from the "provisions of" Chapter 28, but does not exempt employees in classified titles from the tenure provisions in other chapters of Title 18A.  Thus, N.J.S.A. 18A:28-2 applies only to "teaching staff member[s]" who hold classified Civil Service titles because they are the only employees "affected by" Chapter 28's tenure provisions.

Moreover, although N.J.S.A. 18A:17-2 was enacted at the same time as N.J.S.A. 18A:28-2, L. 1999, c. 271, the Legislature chose

---

[2]  N.J.S.A. 18A:28-4 provides that, with defined exceptions, "teaching staff member[s]" who do not hold "an appropriate certificate for such position" may not accrue tenure.  N.J.S.A. 18A:28-5 details the tenure requirements for "teaching staff members," N.J.S.A. 18A:28-5.1 provides that certain "tenured teaching staff member[s]" may transfer their tenure rights when accepting positions in underperforming schools, and N.J.S.A. 18A:28-6 describes the effects of transfers and promotions on the tenure of "teaching staff member[s]."  Chapter 28 further provides for teaching staff member tenure rights upon discontinuance of school, N.J.S.A. 18A:28-6.1, and termination of tenured teaching staff members, N.J.S.A. 18A:28-8 to -14, and the effects of a change of government on teaching staff members, N.J.S.A. 28:28-15.

not to include in N.J.S.A. 18A:17-2 the Civil Service exemption set forth in N.J.S.A. 18A:28-2. "When the Legislature expressly includes a requirement in one section and excludes that same requirement in other subsections of the same general statute, we need not strain to import that requirement where it is not." In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 492 (2004).

The Commissioner's application of N.J.S.A. 18A:28-2 to limit plaintiff's tenure rights under Chapter 17 ignores that the statute's application is expressly limited to "this chapter" — Chapter 28 — of Title 18A. "We cannot assume that the Legislature used meaningless language" in a statute, McCann, 167 N.J. at 321 (quoting Gabin v. Skyline Cabana Club, 54 N.J. 550, 555 (1969)), and are required to give effect to the words of the law as written, see Johnson v. Johnson, 204 N.J. 529, 553 (2010) (citation omitted) ("[C]ourts should adhere to the legislation as written."). Applying those principles, any limitations imposed by N.J.S.A. 18A:28-2 pertain only to tenure rights of teaching staff members "affected" by Title 28.

It was therefore error for the Commissioner to conclude plaintiff's time employed in classified Civil Service titles could not be considered in determining plaintiff's tenure rights under N.J.S.A. 18A:17-2. By its plain terms, N.J.S.A. 18A:28-2 is

limited to "this chapter" — Chapter 28 — of Title 18A. Thus, it is inapplicable to tenure rights earned under N.J.S.A. 18A:17-2.

N.J.S.A. 18A:17-2 does not exempt secretarial employees in Civil Service positions from its tenure protections, and it was error for the Commissioner to apply such an exemption where the Legislature chose not to. Neither the Commissioner nor this court is "permitted to 'rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language,'" or "add terms to a statute, lest they usurp the Legislature's authority." DiNapoli, 434 N.J. Super. at 238 (alteration in original) (citation omitted) (quoting O'Connell v. State, 171 N.J. 484, 488 (2002)).

Because Chapter 17 does not include an exemption from its tenure protections for secretarial employees holding classified Civil Service titles, we apply the plain language of N.J.S.A. 18A:17-2 to determine plaintiff's entitlement to tenure. "Tenure 'arises only by the passage of time fixed by the statute . . . .'" Ibid. (quoting Canfield v. Bd. of Educ. of Pine Hill Borough, 97 N.J. Super. 483, 490 (App. Div. 1967) (Gaulkin, J., dissenting), rev'd on dissent, 51 N.J. 400 (1968)). It is undisputed that plaintiff satisfied the tenure requirements of the statute, and N.J.S.A. 18A:17-2 does not exclude time of employment spent by secretarial employees in classified Civil Service titles. The

record therefore establishes plaintiff had tenure under N.J.S.A. 18A:17-2 when she was terminated.

Although not cited or relied upon by the District or the Commissioner, we note that Title 18A includes a provision concerning the tenure rights of school employees holding Civil Service titles that requires discussion here. N.J.S.A. 18A:6-31 provides that "[n]othing contained in [Title 18A] shall be construed to affect the tenure or civil service rights of any person presently existing, or hereafter obtained, under this or any other law."[3] The plain language of the statute does not permit or require the conclusion that an employee holding a secretarial position in the classified service does not accrue time in employment credit toward tenure under N.J.S.A. 18A:17-2. To the contrary, the statute provides only that tenure rights granted under Title 18A, such as those to which plaintiff is entitled under N.J.S.A. 18A:17-2, do not affect any tenure rights under Title 11A.

---

[3] N.J.S.A. 18A:11-1(c) also authorizes boards of education to "make, amend and repeal rules not inconsistent with [Title 18A] . . . for the employment, regulation of conduct and discharge of its employees, subject, where applicable, to the provisions of Title 11, Civil Service, of the revised statutes." The statute has no application here because there are no District rules at issue.

We are unpersuaded by the District's reliance on In Re Tenure of Fulcomer, 93 N.J. Super. 404, 411 (App. Div. 1967), where we observed that the tenure provisions of Title 18, the predecessor to Title 18A, provided "a comprehensive procedure for the resolution of all controversies involving charges against all tenure employees not subject to Civil Service."  The District argues our observation means N.J.S.A. 18A:28-2 should be interpreted to exclude all school district employees in classified Civil Service titles from the tenure protections otherwise provided under Title 18A.  We reject this argument because here we interpret a different statute, and note that if the Legislature intended to deny tenure protections to all school employees who hold classified Civil Service titles, it would not have limited the exemption for Civil Service employees to only those teaching staff members "affected by" Chapter 28 of Title 18A.

We similarly reject the District's reliance on the Commissioner's decision Anderson v. Department of Personnel and the State Operated School District, 95 N.J.A.R.2d 66 (Dep't of Educ.), where it was noted "that nonprofessional staff protected under Title 11 in school districts which have adopted civil service laws do not acquire separate tenure rights under Title 18A."  We defer to the Commissioner's expertise in the administration of the Department of Education's regulatory system, but are not bound by

the Commissioner's interpretation of a statute or determination of legal issues, <u>DiNapoli</u>, 434 N.J. Super. at 236, and are convinced that application of N.J.S.A. 18A:28-2 to employees not "affected by" Chapter 28 is inconsistent with the statute's plain language.

We also reject the contention that our interpretation of N.J.S.A. 18A:28-2 and N.J.S.A. 18A:17-2 will unfairly and illogically provide employees in the classified service who otherwise earn tenure under N.J.S.A. 18A:17-2 with "two bites of the apple" through two tenure proceedings — one under the Act and the other under Title 18A.  We have not decided that issue because it is not before us.  Plaintiff did not have two bites of the apple because she did not have Civil Service tenure rights when her employment was terminated, and the Civil Service Commission rejected her appeal on that basis.  Thus, this case did not present a circumstance where an employee with Civil Service tenure rights also asserts tenure rights under Title 18A in a proceeding before the Commissioner.

"[S]ince tenure statutes are intended to secure efficient public service by protecting public employees in their employment, 'the widest range should be given to the applicability of the law.'"  <u>Barnes v. Jersey City Bd. of Educ.</u>, 85 N.J. Super. 42, 45 (App. Div. 1964) (quoting <u>Sullivan v. McOsker</u>, 84 N.J.L. 380, 385

(E. & A. 1913)). Here, we decide only that the Commissioner erred by relying on N.J.S.A. 18A:28-2 to determine plaintiff's tenure rights under N.J.S.A. 18A:17-2, there is no statutory bar to utilizing time employed in a classified Civil Service position to satisfy the time in employment requirements of N.J.S.A. 18A:17-2, and plaintiff satisfied N.J.S.A. 18A-17-2(b)'s requirements and had tenure when her employment was terminated. We therefore reverse the Commissioner's determination that plaintiff did not have tenure rights under N.J.S.A. 18A:17-2, and that the District did not violate plaintiff's tenure rights by terminating her employment.

Because we determine the District violated plaintiff's tenure rights under N.J.S.A. 18A:17-2, it is unnecessary to address plaintiff's remaining argument that Rodriguez did not have the authority to terminate her employment. We note only that plaintiff's arguments concerning Rodriguez's purported lack of authority are otherwise without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), because there was sufficient credible evidence in the record supporting the Commissioner's determination that Rodriguez was vested with the authority to terminate plaintiff's employment as a matter of fact, see Harris ex rel. Harris v. Bd. of Trus. of Pub. Emps.' Ret. Sys., 378 N.J. Super. 459, 464 (App. Div. 2005) (finding a

reviewing court will not reverse an agency's findings of fact that are supported by sufficient credible evidence), and plaintiff otherwise failed to sustain her burden of demonstrating Rodriguez lacked the requisite authority, see McGowan, 347 N.J. Super at 563.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0078-16T3