**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2151-22

NICHOLAS CILENTO,

     Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE TOWNSHIP OF
WOODBRIDGE, MIDDLESEX
COUNTY,

     Respondent-Respondent.

_____

Argued November 12, 2024 – Decided January 9, 2026

Before Judges Gummer and Jacobs.

On appeal from the New Jersey Commissioner of Education, Docket No. 249-12/21.

Edward A. Cridge argued the cause for appellant (Mellk Cridge, LLC, attorneys; Arnold M. Mellk, of counsel; Edward A. Cridge, on the briefs).

Roshan D. Shah argued the cause for respondent Woodbridge Township Board of Education (Shah Law Group, LLC, attorneys; Roshan D. Shah, of counsel and on the briefs; Nina Swinarsky, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Commissioner of Education (Sookie Bae-Park, Assistant Attorney General, of counsel; Christopher Weber, Assistant Attorney General, of counsel; Sadia Ahsanuddin, Deputy Attorney General, on the statement in lieu of brief and briefs).

The opinion of the court was delivered by

GUMMER, J.A.D.

Petitioner Nicholas Cilento appeals from a February 8, 2023 final agency decision of the Acting Commissioner of Education dismissing his petition regarding the termination of his employment as a teacher by respondent Board of Education of the Township of Woodbridge. The Commissioner found the Board of Education had acted properly in terminating petitioner's employment after the New Jersey State Board of Examiners suspended his teaching certificate for two years. Petitioner had consumed alcohol while he was on duty on school premises on two separate days.

When he filed with this court the appeal of the Commissioner's decision regarding his termination, petitioner already had filed with this court an appeal of the Commissioner's final agency decision upholding the suspension of his teaching certificate by the Board of Examiners. He argued in this appeal that the termination decision should be reversed because it was premised on the suspension decision, which he asserted was "defective." He contended the

2

resolution of this appeal should await the resolution of his suspension appeal because, otherwise, he would not be able to recover his teaching position if his suspension appeal were successful.

His suspension appeal was not successful. We affirmed the Commissioner's decision in the suspension matter, In re Certificates of Cilento, No. A-3586-21 (App. Div. June 26, 2024), and the Supreme Court subsequently affirmed our judgment, In re Certificates of Cilento, 262 N.J. 332 (2025). After the Court issued its decision, we invited the parties to submit supplemental briefs addressing the impact of that decision on this appeal. In his supplemental brief, petitioner concedes the Court's decision forecloses the appeal in this matter. We agree.

"Judicial review of quasi-judicial agency determinations is limited." Parsells v. Bd. of Educ. of Borough of Somerville, 254 N.J. 152, 162 (2023). "We review agency decisions under an arbitrary and capricious standard." Ibid. Thus, we reverse an agency's decision "only if we conclude that the decision . . . is arbitrary, capricious or unreasonable, or is not supported by substantial credible evidence in the record as a whole." DiNapoli v. Bd. of Educ. of Twp. of Verona, 434 N.J. Super. 233, 235-36 (App. Div. 2014) (quoting J.D. v. N.J. Div. of Developmental Disabilities, 329 N.J. Super. 516, 521 (App. Div. 2000)).

We perceive nothing arbitrary, capricious, or unreasonable in the Commissioner's decision regarding petitioner's termination. That decision was supported by substantial credible evidence in the record, including the valid suspension of petitioner's teaching certificate. Accordingly, we affirm.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

4                                                                A-2151-22